# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3564

_____

United States of America,         *
                             *

          Appellee,        *

                           *   Appeal from the United States

      v.                 *   District Court for the

                           *   District of Minnesota.

Alberto Zatarain, also known as Beto,   *

                           *      [UNPUBLISHED]

         Appellant.       *

_____

Submitted: October 2, 2007
Filed: October 10, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

While he was serving a sentence of 188 months' imprisonment for a federal drug-trafficking offense, Alberto Zatarain (Zatarain) contacted his brother and arranged for the brother to sell drugs to a third person. That person was an undercover officer, and Zatarain thereafter pled guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine. The district court[1] sentenced Zatarain to 135 months' imprisonment be served consecutively to the undischarged 188-month sentence. Zatarain appeals, arguing his sentence is

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

unreasonable because application of the 18 U.S.C. § 3553(a) factors support a partially concurrent sentence.

After careful review, we conclude the district court did not abuse its discretion in imposing a fully consecutive sentence. See United States v. Winston, 456 F.3d 861, 867 (8th Cir. 2006) (standard of review). The court explicitly and properly considered the seriousness of the offense, Zatarain's failure to be deterred by his previous 188-month sentence, and the fact Zatarain committed the instant offense while in custody for a similar offense. See 18 U.S.C. § 3584(a)-(b) (declaring when a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively; in determining whether to impose the terms consecutively or concurrently, a court shall consider § 3553(a) factors); 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), (2)(A) (seriousness of offense), (2)(B) (adequate deterrence); U.S.S.G. § 5G1.3(a) (requiring consecutive sentence where offense was committed while serving term of imprisonment on another offense); Winston, 456 F.3d at 868 (affirming a sentence where the district court explained its decision to run sentence consecutively and cited § 3553(a) factors).

For these reasons, we affirm.

_____